**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 18-4713**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARQUASEO JAWAON ANDREWS, a/k/a Little Murder,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:18-cr-00075-WO-1)

─────────

Submitted: February 17, 2022          Decided: March 10, 2022

─────────

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

─────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquaseo Jawaon Andrews seeks to appeal his sentence of 84 months' imprisonment following his guilty plea to possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Andrews' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but contending that trial counsel was ineffective. Andrews was notified of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the waiver in Andrews' plea agreement. We dismiss in part and affirm in part.[*]

We review the validity of an appeal waiver de novo. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). "[W]e will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is knowing and voluntary. *Id.* Andrews does not dispute that he knowingly and voluntarily waived his right to appeal, and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable.

Andrews' claims of ineffective assistance of counsel fall outside the scope of his valid appeal waiver. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United*

---

[*] We have reviewed the validity of Andrews' guilty plea as it falls outside the scope of Andrews' waiver of appellate rights and, in light of *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), conclude that the record reveals no nonfrivolous challenge to Andrews' conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

*States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the present record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Thus, Andrews' argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1051 (2021). We express no opinion as to the merits of Andrews' ineffective assistance of counsel claim.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion in part and dismiss Andrews' appeal as to the issues within the scope of Andrews' valid appeal waiver, and we deny the motion in part and affirm the remainder of the judgment. This court requires that counsel inform Andrews, in writing, of the right to petition the Supreme Court of the United States for further review. If Andrews requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Andrews.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*